## CALEB CASE *versus* ANDREW GERRISH Junior.

In an action on a promissory note, against the promiser, parol evidence was *held* admissible to show, that, when the note was given, the promiser had made an assignment of his property, to be divided ratably among such of his creditors as should become parties thereto, and thereby discharge the defendant from all their claims against him; that the note was given to induce the plaintiff to become a party to the assignment, and was post-dated; and that when it was given, it was agreed between the parties, that it should not be paid until the settlement of the affairs of the promiser under the assignment, and then only such part thereof as the assigned property should be insufficient to pay.

In the case of a general assignment of a debtor's property to be ratably divided among such of his creditors as shall execute the assignment and thereby discharge their demands, a promissory note given by the debtor to a creditor in order to induce him to become a party to the assignment, is fraudulent and void.

THIS was assumpsit on a promissory note for the sum of $ 300, dated December 1829.

At the trial, before *Putnam* J., the defendant offered parol evidence to prove, that when the note was given, he had made an assignment of all his property, to be divided, ratably, among such of his creditors as should become parties to such assignment, and thereby discharge the defendant from all their claims against him; that the note in question was given by the defendant to induce the plaintiff to become a party to the assignment, and was post-dated; and that when it was given, it was agreed between the parties, that it should stand as security for the difference between the amount of the plaintiff's claim against the defendant and the amount which he should receive under the assignment; that it should not be paid until the settlement of the affairs of the defendant under the assignment, and that then only such part should be paid, as the assigned property should be insufficient to pay.

The plaintiff objected to the admission of this evidence; but the objection was overruled.

The plaintiff thereupon became nonsuit. If the evidence was inadmissible, the nonsuit was to be taken off, and a new trial to be granted; otherwise, judgment was to be entered for the defendant.

*W. J. A. Bradford,* for the plaintiff. The evidence was    *Oct.* 22a inadmissible, its effect being to control the operation of an

instrument in writing.  In *Trueman* v. *Fenton*, Cowp. 546, it was argued by the counsel, that a promise by a bankrupt to pay a debt in consideration of a creditor's signing his certificate, would have been a good ground of action before the *St.* 5 *Geo.* 2, *c.* 30, § 11 ; and the court appeared to assent to this position.  As we have no statute of the kind, such a promise would seem to be valid here.  Bayley on Bills, 353, 354.  A debtor may prefer a creditor and pay the debt at once ; if so, *a fortiori*, a stipulation for a further payment would be legal.

*Warren*, for the defendant, cited *Cockshott* v. *Bennett*, 2 T. R. 763 ; *Jackson* v. *Lomas*, 4 T. R. 166 ; *Wiggin* v *Bush*, 12 Johns. R. 306.

*Oct. 24th*  SHAW C. J. delivered the opinion of the Court.  The only question reserved is, whether the evidence was admissible, it seeming to be conceded, that if admissible, it establishes a good defence.  And the Court are of opinion, that it was admissible and did show that the note was fraudulent and void.  The plaintiff, with the other creditors of the defendant, entered into an arrangement with the defendant, by which he consented to take an equal distribution of his property and give him a discharge.  But at the same time he entered into a secret agreement with the debtor, by which he stipulated to have a separate note for the balance of his debt  This was an unwarrantable coercion upon the debtor, and a fraud upon the other creditors, which renders the note void.  That the plaintiff himself was conscious of this, is manifest from the fact, that although it was given at the time of the execution of the assignment and as an inducement to the plaintiff to sign that instrument, it was post-dated, in order to give it the appearance of a subsequent and independent transaction, entered into after the defendant had become a free man by obtaining his discharge, which might have been good.  *Cock·shott* v. *Bennett*, 2 T. R. 763 ; *Pidcock* v. *Bishop*, 3 Barn & Cressw. 605 ; *Wiggin* v. *Bush*, 12 Johns. R. 306.

*Judgment on the nonsuit*